# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**WADI FOOD INDUSTRIES CO. S.A.E.,**

     **Plaintiff,**

**v.**                                **Civil Action No. 2:18cv554**

**BARCLAYS BANK DELAWARE,** *et al.,*

     **Defendants.**

## REPORT AND RECOMMENDATION

Before the Court is Defendant Barclays Bank Delaware's ("Barclays") Motion to Dismiss and accompanying memorandum. ECF Nos. 34-35. Plaintiff Wadi Food Industries Co. S.A.E. ("Wadi Food") filed a brief in opposition, ECF No. 39, and Barclays filed a reply brief, ECF No. 42. This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to a Referral Order from the United States District Judge. ECF No. 44; *see also* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. This matter was set for a hearing on April 23, 2019, at which time the Court heard oral argument.[1] ECF No. 50. For the foregoing reasons, the undersigned **RECOMMENDS** that Barclays' Motion to Dismiss, ECF No. 34, be **DENIED**.

## I. PROCEDURAL BACKGROUND

Wadi Food filed its original Complaint in this Court on October 16, 2018, against BGI International, LLC ("BGI") and Barclays. ECF No. 1. Barclays filed a Motion to Dismiss that

---

[1] Lead Counsel for Wadi Food, Jonathan Grasso, failed to appear at the hearing. Upon being reached by the Court, he stated he was in Philadelphia and had mis-calendared the hearing for the following day. Upon inquiry by the Court, he advised that neither of the other two attorneys from his law firm who have appeared in the case were in town to attend the hearing in his place. Inasmuch as Barclays' counsel, admitted *pro hac vice*, had traveled from Phoenix, Arizona to attend the hearing, the Court proceeded with the hearing as scheduled and permitted Mr. Grasso to participate by telephone.

Complaint on December 11, 2018, for failure to state a claim under Rule 12(b)(6). ECF No. 12. Wadi Food responded, ECF No. 18, and Barclays filed a reply brief, ECF No. 21. On January 22, 2019, prior to resolution of the outstanding Motion to Dismiss, Wadi Food filed its Amended Complaint. ECF No. 26. Wadi Food's Amended Complaint, which is subject to Barclays' instant Motion to Dismiss, includes two counts. Count One alleges fraudulent transfer pursuant to Va. Code. § 55-80. *Id.* at 12-14. Count Two alleges conveyance not upon consideration deemed valuable in law pursuant to Va. Code § 55-81. *Id.* at 14. Wadi Food seeks a personal judgment from Barclays, requests the transfers made from BGI to Barclays be voided, and requests an award of attorneys' fees from BGI. *Id.* at 13-14.

On October 16, 2018, the same day it filed its original Complaint in this case, Wadi Food filed a separate four-count Complaint in this Court against BGI and Gary Bartel. *See Wadi Food Indus. Co. S.A.E. v. Gary Bartel, et al*, No. 2:18cv557 (ECF No. 1). In that Complaint, Wadi Food alleged facts in support of its conclusion that BGI is the alter ego of Bartel, sought to pierce the corporate veil between BGI and Bartel, and requested relief in the form of a judgment against Bartel for the obligations that BGI owes to Wadi Food pursuant to Count III and Count IV. *Id.* (ECF No. 1 at 19-20). Count I of that Complaint alleged fraudulent transfer pursuant to Va. Code. § 55-80 and Count II alleged conveyance not upon consideration deemed valuable in law under Va. Code § 55-81 for transferS made from BGI to Barclays. *Id.* (ECF No. 1 at 14-19). Relatedly, Wadi Food requested relief in the form of a personal judgment against Barclays and BGI, or alternatively to have the transfers to Barclays voided, and sanctions and attorneys' fees awarded against BGI.[2] *Id.* (ECF No. 1 at 16). Wadi Food filed an amended complaint (hereinafter the "Veil Piercing Complaint") in that case on January 11, 2019. *Id.* (ECF No. 11). The Veil Piercing

---

[2] Notably, Barclays is not a defendant in *Wadi Food Indus. Co. S.A.E. v. Gary Bartel, et al*, 2:18cv557.

2

Complaint alleges fraudulent transfer pursuant to Va. Code. § 55-80 and Count II alleges conveyance not upon consideration deemed valuable in law pursuant to Va. Code § 55-81 for transfers made from BGI to Bartel and seeks a personal judgment against BGI and Bartel, or alternatively to have the transfers to Bartel voided, and to have sanctions and attorneys' fees awarded against BGI. *Id.* (ECF No. 11 at 11-13). Related to Counts III and IV, Wadi Food alleges facts in support of its conclusion that BGI is the alter ego of Bartel, seeks to pierce the corporate veil between BGI and Bartel, and requested relief in the form of a judgment against Bartel for the obligations that BGI owes to Wadi Food pursuant to Count III and Count IV. *Id.* (ECF No. 11 at 14-21). Wadi Food's case related to the Veil Piercing Complaint is still ongoing.

## II. STANDARD OF REVIEW

Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To be sufficient under Rule 8, the pleading must meet two basic requirements: it must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, sufficient factual allegations include "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do;" rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. 678. Indeed, to achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557.

3

Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* In deciding a motion to dismiss, a court may consider facts alleged on the face of the complaint, as well as "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Moore v. Flagstar Bank*, 6 F.Supp.2d 496, 500 (E.D. Va. 1998) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (1990)).

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). When considering a motion to dismiss, only those allegations which are factually plausible are "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (noting that legal conclusions must be supported by factual allegations). In other words, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

## III.  PLAINTIFF WADI FOOD'S AMENDED COMPLAINT

To resolve Barclays' Motion to Dismiss, the Court accepts as true the following factual allegations in the Amended Complaint.[3]  Defendant BGI, the alter-ego company to One World,[4]

---

[3] The Court does not accept as true Wadi Food's conclusory allegations, including that BGI transferred large sums of money in an attempt to fraudulently avoid its debts, ECF No. 26 at 7-11, that the BGI-to-Barclays transfers were a part of a larger fraud scheme to avoid its creditors, including Wadi Food, *id.* at 9-11, and that Barclays knew or should have known of BGI's fraudulent intent and such knowledge would put a person of ordinary care and prudence upon inquiry as to the bona fides of the transaction that would necessarily have led to the discovery of BGI's fraud, *id.* at 13.

[4] One World is not a defendant in the instant case but is referenced numerous times in the Amended Complaint as being essentially an alter ego to BGI, as BGI owned a significant share of One World and One World had no employees and no officers who were not officers of BGI. ECF No. 26 at 7-8. Despite the fact that One World is not a named

made two purchases from Plaintiff Wadi Food for Bistro Reserve brand olives. ECF No. 26 at 3. BGI's first purchase order (hereinafter "Purchase Order One") was submitted to Wadi Food on October 23, 2013. *Id.* Gary Bartel was the primary contact for delivery of goods by Wadi Food from 2010 to 2014. *Id.* at 4. Bartel was the owner of both One World and BGI. *Id.* Wadi Food generated invoices for BGI for Purchase Order One and four of those invoices remain unpaid. *Id.* at 3. BGI's second purchase order (hereinafter "Purchase Order Two") was submitted to Wadi Food on January 6, 2014. *Id.* Wadi Food generated invoices for BGI for Purchase Order Two and all seven invoices remain unpaid. *Id.*

BGI made sixty-two payments to Barclays between February 2014 and October 2017, totaling $544,622.39, to pay the Barclays personal credit card of BGI's sole manager, Gary Bartel. *Id.* at 8-9. Neither BGI or One World had an obligation to pay Barclays, nor did either receive direct consideration from Barclays for the transfers to it. *Id.* at 9. BGI made other payments to TowneBank, Toyota Motor Credit Company, Cape Henry Collegiate School, Inc., Bank of America, Chase Bank U.S.A., N.A., Gary Bartel, and Capital One Bank USA, N.A., but owed no obligation to these entities and received no consideration from them in return for these payments. *Id.* at 9.

Wadi Food filed suit in this Court against BGI and One World on July 6, 2017, for non-payment of the purchase orders. *Id.* at 6. A judgment was entered in Wadi Food's favor against BGI and One World, jointly and severally, for $285,000 plus interest. *Id.* at 3. From 2014 to December 2017, BGI paid out almost one million dollars but had a total revenue of $346,720.71 from January 2014 to December 2017. *Id.* at 9. BGI's 2015 federal tax returns show business income of negative $113,301, business assets at the beginning of the year as $0, assets at the end

---

defendant, the Complaint contends in the alternative that One World – through BGI – is liable to Wadi Food for Purchase Order One and Purchase Order Two. *Id.* at 5-6.

of the year of $162,440, and liabilities in excess of $2.8 million. *Id.* at 10. BGI's 2016 federal tax returns show business assets at the beginning of the year as $162,440, assets at the end of the year of $521,391, and liabilities in excess of $2.8 million. *Id.* at 11. BGI never had more than $200,000 in its bank account from February 3, 2014, to the present, and One World never had more than $260,000 in its bank account from February 3, 2014, to the present. *Id.* at 11. Most of the time from February 20014 to the present, BGI had less than $10,000 in its bank account at the end of each month, and One World had less than $70,000 in its bank account at the end of each month during that same period. *Id.*

## IV. ANALYSIS

Barclays' instant Motion to Dismiss seeks to dismiss Wadi Food's Amended Complaint for failure to state a claim upon which relief can be granted. ECF No. 34 at 1. Barclays argues that, related to Count I, the Amended Complaint fails to adequately allege actual fraud or the presence of badges of fraud. ECF No. 35 at 1. Related to Count II, Barclays contends that Wadi Food has argued in its other case presently pending in this Court that BGI is Bartel's alter ego, that Wadi Food's Veil Piercing Complaint estops Plaintiff from arguing otherwise here, and consequently, that BGI could not have made fraudulent transfers on behalf of its alter ego under Va. Code § 55-81.[5] *Id.* Because Barclays' arguments as to Count I are predicated on Barclays' arguments to dismiss Count II, the Court shall address Barclays' Motion to Dismiss Count II first.

A. Count II: Whether BGI and Gary Bartel are Alter Egos and Whether this Status is Prohibitive of Count II Against Barclays

Count II of Wadi Food's Amended Complaint alleges conveyance not upon consideration deemed valuable in law under Va. Code § 55-81 for transfers made from BGI to Barclays. ECF

---

[5] Notably, the original complaint in Case No. 2:18cv557 was amended to plead the alter ego theory in the alternative. The references herein refer to the now-operative amended complaint.

No. 26 at 14.  Virginia Code § 55-81 states:

> Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, by an insolvent transferor, or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts shall have been contracted at the time it was made, but shall not, on that account merely, be void as to creditors whose debts shall have been contracted or as to purchasers who shall have purchased after it was made. Even though it is decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage, it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers.

"To avoid a transfer pursuant to this provision the [plaintiff] must demonstrate that (1) a transfer was made, (2) the transfer was not supported by consideration deemed valuable in law, and (3) the transfer was done when the transferor was insolvent or the transfer rendered the transferor insolvent." *In re Meyers*, 244 F.3d 352, 353 (4th Cir. 2001).

The Amended Complaint alleges that BGI made $544,622.39 in payments to Barclays on or after February 12, 2014, without receiving value in return, for Bartel's personal Barclays credit card with the purpose to hinder, delay, or defraud BGI's creditors.  ECF No. 26 at 12.  Count II of the Amended Complaint alleges conveyance not upon consideration deemed valuable in law under Va. Code § 55-81 because BGI did not receive valuable consideration in exchange for the transfers to Barclays.  ECF No. 26 at 14.  Barclays contends that the Amended Complaint fails to state a claim upon which relief can be granted because BGI and Bartel's alter ego status necessarily means that Count II cannot be asserted against Barclays.  ECF No. 35 at 1.

Barclays argues Wadi Food also filed the Veil Piercing Complaint against Bartel and BGI in this Court seeking to pierce the veil between BGI and Bartel as Bartel observes no corporate formalities with BGI.  *Id.* at 2-3 (referencing *Wadi Food Indus. Co. S.A.E.*, 2:18cv557).[6]  Barclays contends that Wadi Food is bound by its position in the Veil Piercing Complaint that BGI is

---

[6] *Wadi Food Indus. Co. S.A.E.*, 2:18cv557, has been consolidated with the instant case for the purposes of discovery and pretrial proceedings.  *See* ECF No. 29.

Bartel's alter ego and that Wadi Food's Amended Complaint fails to state a claim because there can be no fraudulent transfer where an entity (BGI) pays the debt of its principal (Bartel). *Id.* at 4-10. Barclays asserts that Wadi Food may be held to the facts and allegations in the Veil Piercing Complaint by the doctrine of quasi-estoppel and/or judicial admission. *Id.* at 6-8. As such, the Court must consider these doctrines in its analysis.

### 1. At this Stage of the Proceedings, Wadi Food is Not Bound by Quasi-Estoppel to the Position It Asserted in the Veil Piercing Complaint

The parties agree the standard for quasi-estoppel as articulated in *In re Robb*, 23 F.3d 895 (4th Cir. 1994), is applicable. *See* ECF No. 35 at 7; ECF No. 39 at 4. Both parties cite to *In re Robb* in support of their positions, which states, "Quasi-estoppel forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects." *In re Robb*, 23 F.3d at 898.

Barclays argues Wadi Food is estopped from denying that BGI is Bartel's alter ego because quasi-estoppel applies to prevent Wadi Food from taking a position divergent from the one it has taken in the Veil Piercing Complaint. ECF No. 35 at 7. Wadi Food contends that because it received no benefit from the Veil Piercing case—an essential element of the quasi-estoppel doctrine—that doctrine is inapplicable. ECF No. 39 at 4-5. Wadi Food argues Barclays cannot show it has received any such benefit since it has not prevailed on the Veil Piercing Complaint. *Id.* at 5-6. By way of reply, Barclays contends that Wadi Food's reduction of the quasi-estoppel doctrine to a rigid elemental test ignores that "quasi-estoppel is inherently flexible and cannot be reduced to any rigid formula" that is "based primarily on consideration of justice and fair play." ECF No. 42 at 3, 5 (quoting *Cty. Sch. Bd. v. RT*, 433 F. Supp. 2d 692, 707 (E.D. Va. 2006) and *Estate of Lampert ex rel. Thurston v. Estate of Lampert ex rel. Stauffer*, 896 P.2d 214, 221 (Alaska 1995)). Barclays further asserts that a benefit under the traditional *Robb* standard is not necessary

under modern quasi-estoppel principles to hold Wadi Food to the Veil Piercing Complaint. *Id.* at 5. However, Barclays argues that, if a benefit were required, Wadi Food has benefitted via the advantage it has gained by pleading inconsistent positions concerning the relationship between BGI and Bartel, and it would be unconscionable to permit Wadi Food to maintain those positions and obtain a double recovery that would otherwise be unavailable. *Id.* at 4-5. Wadi Food has declined to state a position in this litigation as to BGI and Bartel's alter ego status, nor has it alleged specific facts in its Amended Complaint to support that legal conclusion. *See generally* ECF No. 26.

Barclays cites to *County School Board*, 433 F. Supp. 2d 692, to stand for the proposition that quasi-estoppel is equitable, flexible, and cannot be reduced to a rigid test. ECF No. 42 at 3, 5. Consistent with *Robb, County School Board* explains that "[q]uasi estoppel [sic] 'was developed to prevent a party from retaining a benefit by asserting a position to the disadvantage of another and then asserting a right which is inconsistent with that previous position' . . . [and] it differs from [other types of] estoppel in that [it] requires no concealment or misrepresentation." 433 F. Supp. 2d at 704 (internal citations omitted). As emphasized by Barclays, this decision states "modern courts have held quasi-estoppel applies when the offending party takes a different position than his or her original position, and, either the offending party gains an advantage or causes a disadvantage to the other party; the other party is induced to change its positions; or, it would be unconscionable to permit the offending party to maintain an inconsistent position from which it had already derived a benefit or in which it has acquiesced." *Id.* at 705 (citing *Atwood v. Smith*, No. 30214, 2006 WL 1420821, at *3 (Idaho 2006)). *Roundtree Motors, Inc. v. Commonwealth Dealers Life Insurance Company* also acknowledges this modern and more flexible standard. No. 3:13cv47, 2013 U.S. Dist. LEXIS 114254, at *3 (E.D. Va. Aug. 13, 2013).

9

The dicta in *County School Board* recognizes a significantly expanded interpretation of quasi-estoppel, but despite its recitation of a more equitable and flexible standard, the cases that cite such a standard do not appear to apply it. *See Cty. Sch. Bd.*, 433 F. Supp. 2d at 704-05 (finding the School Board was estopped from circumventing IDEA regulations because it had previously bound itself to comply with IDEA's rules and regulations and benefitted by receipt of federal funding); *see also Roundtree Motors, Inc.*, 2013 U.S. Dist. LEXIS 114254, at *26-28. (declining to apply quasi-estoppel because the prohibitive facts were in dispute). Further, Wadi Food observed at the hearing, that the collective caselaw within the Fourth Circuit addressing quasi-estoppel suggests that the benefit acquired needs to be a tangible one. *See, e.g., James River Mgmt. Co. v. Kehoe*, Civil No. 3:09cv383, 2010 WL 431473 (E.D. Va. Feb. 5, 2010) (benefitting from an employment contract and the resulting employment transaction); *Cty. Sch. Bd.*, 433 F. Supp. 2d at 707 (benefitting through receipt of federal funding); *In re Robb*, 23 F.3d at 898-99 (benefitting by receipt of tax breaks). Because the case underlying the Veil Piercing Complaint remains unresolved, Wadi Food has not yet received a tangible or monetary benefit from the same, and therefore it appears Wadi Food has not received the sort of benefit demanded by traditional quasi-estoppel principles. As Barclays argues, however, the more modern approach is increasingly flexible and may not necessarily require that a benefit be tangible, and may not necessarily require a benefit be conferred at all. ECF No. 42 at 3. Nonetheless, regardless of whether modern quasi-estoppel requires a benefit be conferred at all and whether an intangible benefit has been conferred on Wadi Food, the equities of modern quasi-estoppel do not fall in Barclays' favor given the present posture of this case.

Rule 8(d) permits a plaintiff to "set out conflicting alternative theories in its complaint without one constituting an admission against the other." *Zee Co. v. Williams, Mullen, Clarke &*

*Dobbins, P.C.*, 547 F. App'x 166, 168 n.3 (4th Cir. Oct. 18, 2013) (citing Fed R. Civ. P. 8(d)(2)). Further, "'[a] policy which permits one claim to be invoked as an admission against an alternative or inconsistent claim would significantly restrict, if not eliminate the freedom to plead inconsistent claims provided by' Rule 8(d)(2)." *Id.* (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)). The parties contest the applicability and workability of Rule 8's alternative pleading standard given the unusual circumstances of Wadi Food's cases, but appear to tie that argument to Barclays' position that Wadi Food is estopped, under the doctrine of judicial admission, discussed *infra*, from denying the facts that underly the Veil Piercing Complaint.[7] However, the parties' disagreement about the applicability of Rule 8 also colors the arguments made concerning quasi-estoppel. Wadi Food contends the ability to plead alter ego in the alternative under Federal Rule of Civil Procedure 8 and the reasoning of Rule 8 is meant to prevent exactly the instant circumstance—an attempt to foreclose the use of inconsistent claims by a party. ECF No. 39 at 7. Barclays argues Wadi Food has asserted separate and conflicting facts against two parties in two lawsuits specifically to avoid having to choose between remedies and to potentially recover on both of them. ECF No. 42 at 7.

Barclays' key concern, as emphasized in oral argument, is that Wadi Food bifurcated its causes of actions into two separate cases as an unfair strategy to seek double recovery, rather than pleading in the alternative and being forced to elect a remedy at a later time.[8] While this may or may not be true, it is apparent to the Court that had Wadi Food filed its claims in a single action it would be permitted to plead each of the theories of liability it puts forth in the instant Amended

---

[7] It is apparent to the Court that holding a plaintiff to the facts of a previously pled complaint under judicial admission is a different relief that that provided by quasi-estoppel, which holds a party to their "position," which presumably includes in the instant circumstance both the facts and legal conclusions put forth. *See Cty. Sch. Bd.*, 433 F. Supp. 2d at 705.

[8] Notably, the original complaint in this action and the complaint that preceded the Veil Piercing Complaint were both filed on the same day. The Court cannot speculate about the reason Wadi Food elected to file these claims in two separate actions.

Complaint and the Veil Piercing Complaint without incident.  Barclays' concerns about Wadi Food achieving double recovery are not insignificant, but also do not appear to be properly raised on a motion to dismiss.[9]

In light of this, the Court **FINDS** that Wadi Food has received no benefit under the traditional quasi-estoppel doctrine and it is not unconscionable under modern quasi-estoppel, at least at this preliminary stage in the litigation, to assert different theories of liability or different facts from those in the Veil Piercing Complaint.[10]  As such, the Court further **FINDS** that Wadi Food is not bound to its position in the Veil Piercing Complaint, in this case, by quasi-estoppel.

### 2. Facts in the Veil Piercing Complaint Do Not Constitute a Judicial Admission by Wadi Food for the Purposes of the Motion to Dismiss

Barclays argues that Wadi Food is bound to the facts in the Veil Piercing Complaint that support BGI and Bartel as alter egos because the facts in the Veil Piercing Complaint constitute a judicial admission.  ECF No. 35 at 7 (quoting *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 471 n.6 (2013)).  Wadi Food maintains that theories put forth in complaints are exceptions to judicial admission, in keeping with Rule 8, and that it may not be held to the same. *Id.* at 9 (citing *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 285, 287 (D. Conn. 2004), *Oki Am., Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989), *Garman v. Griffin*, 666 F.2d 1156, 1159 (8th Cir. 1981).  Wadi Food believes *Svege* is analogous to the instant case inasmuch as a Barclays is attempting to use a complaint from other litigation as an admission in the instant case. *Id.* at 11. *Svege* found that "to allow these pleadings into evidence would penalize Plaintiff for availing themselves of the opportunity expressly provided by the Federal Rules to

---

[9] The practical considerations and appropriateness of Defendant's Motion to Dismiss is discussed *infra* in Section III.A.2.

[10] The Court notes again that, rather than asserting facts in the instant Amended Complaint that conflict with or contradict the facts supporting the alter ego theory in the Veil Piercing Complaint, Wadi Food has simply asserted no facts regarding alter ego.

plead inconsistent theories." *Id.* at 11-12 (quoting *Svege*, 329 F. Supp. 2d at 288). Wadi Food reasons that it would be unfair to dismiss this case because of alternative statements and inconsistent claims in another complaint. *Id.* at 12.

Barclays' reply claims that Wadi Food cannot distance itself from or deny the facts of the Veil Piercing Complaint that demonstrate BGI's alter ego status with Bartel by claiming them in the alternative. ECF No. 42 at 6. Barclays asserts that Wadi Food has put forth separate and conflicting facts against two parties in two lawsuits to avoid having to choose between remedies;[11] Rule 8(d) does not save Wadi Food here. *Id.* at 7. Barclays argues that the Veil Piercing Complaint does constitute a judicial admission. *Id.* at 8 (citing *Trexlar v. Seaboard Sys. R.R., Inc.*, 641 F. Supp. 688, 689-90 (W.D.N.C. 1986) and *Stratton v. Sacks*, 99 B.R. 686, 694 (D. Md. 1989), *aff'd* 900 F.2d 255 (4th Cir. 1990)). Barclays contests that *Svege*, which Wadi Food relies on, is distinct from this case because it specifically states that "If the complaint contained factual allegations regarding the conduct of [p]laintiffs or [d]efendants, that would present a very different circumstance." *Id.* at 10 (quoting *Svege*, 329 F. Supp. 2d at 288).

It is clear that factual assertions made by a party in pleadings binds the pleading party to those same facts in a related subsequent case. *Amgen Inc.*, 568 U.S. at 471 n.6 (finding a defendant is bound to factual concessions made in its answer and quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (Ca. 1988), which states "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them"); *accord Svege*, 329 F. Supp. 2d at 287; *Stratton v. Sacks*, 99 B.R. 686, 693 (D. Md. 1989).

---

[11] As stated *supra*, at the hearing the Court inquired of Wadi Food what position, if any, it was taking in this case as to the alter ego facts put forth in the Veil Piercing Complaint. Wadi Food argues that it does not contest the facts it put forth in the Veil Piercing Complaint, but rather declined to comment on them in this litigation because the facts the support veil piercing are not relevant to Wadi Food's *prima facie* case in the instant litigation and, therefore, it made little sense to incorporate those facts into its Amended Complaint.

However, courts have declined to find judicial admission where the previously pled statement is theory-based, arguable, or non-factual. *See Garman v. Griffin*, 666 F.2d at 1159; *Svege*, 329 F. Supp. 2d at 287. The *Garman* Court discussed the general rule that factual allegations in a prior case's operable pleading are admissible in a later case where relevant. 666 F.2d at 1159. It further distinguished between pleading alternative liability *theories* with pleading *facts* that are unworkably inconsistent (stating that if a plaintiff pled an accident occurred because defendant's car slipped on an icy road, but proof showed the accident occurred in July, the plaintiff would be held to such an admission, but plaintiff is not held to her alternative theory that a vehicle defect caused the car accident rather than the driver's negligence). *Id.* at 1158-59.

Hotly contested by the parties is *Svege*, which acknowledges the general rule of admissibility of earlier-pled factual allegations. 329 F. Supp. 2d at 287. In *Svege*, the plaintiff objected to two of defendant's exhibits, namely, complaints previously filed by Svege arising out of the same event, a motor vehicle accident. In the first complaint plaintiff alleged product liability and negligence against the seller, manufacturer, and driver of the truck that hit him. *Id.* at 286-87. In the second complaint plaintiff sued a state subcontractor who allegedly failed to prevent slipper substances on the roadway and sold defective side barriers/guard rails to the state. *Id.* at 287. The negligence and product liability case settled and the second case was dismissed on the basis of governmental immunity. *Id.* The *Svege* Court considered whether "complaints filed by plaintiffs against separate defendants based on alternative theories of liability" were admissible at trial. *Id.* The *Svege* Court determined that Rule 8's liberal pleading standard to assert alternative theories is an exception to the general rule of admissibility and denied defendant's motion so as to not "penalize Plaintiffs for availing themselves of the opportunity expressly provided by the Federal Rules to plead inconsistent theories." *Id.* at 288. Specifically, the *Svege* Court noted that "if the

14

complaints contained factual allegations regarding the conduct of Plaintiffs or Defendants, that would present a very different circumstance, the Court might well permit Defendants to use the complaints as evidence in this case." *Id. Svege* is consistent with the overarching trend of courts to distinguish between factual allegations and theories of a case, and it appears that Wadi Food's reliance on the same to assert that nothing in the Veil Piercing Complaint can ever constitute a judicial admission is misplaced.

Although Wadi Food, by its own admission, does not contest the facts asserted in the Veil Piercing Complaint, it has declined to include those facts in its Amended Complaint and reach the legal conclusion—as it did in the Veil Piercing Complaint—that those facts demonstrate BGI and Bartel are alter egos. Wadi Food also argues that, while its Veil Piercing Complaint complies with Federal Rule of Civil Procedure 11, the Court may ultimately determine those facts to be untrue. ECF No. 39 at 8. On this point, the operative cases on this issue appear to permit under judicial admission (1) the operative complaint in a previously-resolved case (2) to be used against the plaintiff as evidence in a subsequent trial or motion for summary judgment. *See Stratton*, 99 B.R. at 694 (finding the prior complaint of a trustee may be used against him "as corroborative evidence of what the record otherwise shows" and citing *Trexlar*, 641 F. Supp. at 689); *Trexlar*, 641 F. Supp. at 690 (permitting facts from the operative complaint in a previously-dismissed action to be used against plaintiff at trial as evidence of those facts); *see also Svege*, 329 F. Supp. 2d at 286-87 (declining to find judicial admission because defendant wanted to hold plaintiff to the legal theories of, rather than factual assertions in, the complaints of two previously-resolved cases). The parties have not offered, and the Court has been unable to identify, any authority that finds judicial admission applicable where the earlier case remains unresolved. Therefore, the Court **FINDS** the facts in the Veil Piercing Complaint may not be held against Wadi Food as a judicial admission

given the posture of Wadi Food's respective pending litigation.

Practically speaking, Barclays' Motion seems to request relief under both judicial admission and quasi-estoppel that, on a motion to dismiss, is unworkable. First, Barclays does not assert the facts in Wadi Food's Amended Complaint are insufficient under Rule 12(b)(6); rather Barclays seeks to have the Court read facts asserted in the Veil Piercing Complaint into the Amended Complaint and make a finding about the legal import of those facts to Wadi Food's detriment. Second, because the case underlying the Veil Piercing Complaint is also at the beginning stages of litigation, a finding of quasi-estoppel or judicial admission may necessarily bind Wadi Food to asserted facts that may ultimately be inoperable should Wadi Food later amend the Veil Piercing Complaint. Further, in their joint Answer BGI and Bartel have denied almost every fact and allegation related to alter ego as put forth in the Veil Piercing Complaint. *See Wadi Food Indus. Co. S.A.E.*, 2:18cv557 (consolidated into 2:18cv554) (ECF No. 33 at 14-15). The Court could ultimately find the evidence underlying the Veil Piercing Complaint does not support Wadi Food's alter ego legal conclusion therein, and therefore, Wadi Food faces the possibility that one or both of its pending cases may be disposed of in a manner unfavorable to it. Simply, it appears to the Court that, while it may consider "matters of public record" without converting a motion to dismiss into a motion for summary judgment, *see Wu v. Tseng*, Civil Action No. 2:06cv346, 2007 WL 201087 (E.D. Va. Jan. 24, 2007) (quoting *Moore v. Flagstar Bank*, 6 F. Supp. 2d 469, 500 (E.D. Va. 1997)), to do so in consideration of a motion to dismiss and in the manner Barclays presently requests is inappropriate. Given this posture, it strikes the Court that to adopt the factual allegations in the Veil Piercing Complaint, which have been neither asserted nor directly contradicted here, and hold Wadi Food to those facts on the present Motion to Dismiss goes beyond the constraints imposed by Rule 12(b)(6) and the myriad of caselaw thereunder.

16

Equally problematic is the method by which Barclays asserts its Motion to Dismiss Count II. Barclays does not argue Wadi Food's Amended Complaint alleges insufficient facts to support Count II, but rather contends that there are additional facts, as asserted in the Veil Piercing Complaint, that undermine the legal theories in the Amended Complaint.[12]

Consequently, for these reasons, the Court declines to consider the Veil Piercing Complaint in determining whether Wadi Food has failed to state a claim upon which relief can be granted.[13] Because Barclays' does not contend that Wadi Food's asserted facts are insufficient in and of themselves, the undersigned **FINDS** Wadi Food has adequately stated a claim upon which relief can be granted as to Count II.

B. Count I: Whether Wadi Food has Sufficiently Pled Actual Fraud or Badges of Fraud

Virginia Code § 55-80 states:

> Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

The Amended Complaint alleges that BGI made $544,622.39 in payments to Barclays after February 12, 2014, without receiving value in return, for Gary Bartel's personal Barclays credit card with the purpose to hinder, delay, or defraud BGI's creditors. ECF No. 26 at 2, 12. Count I of Wadi Food's Amended Complaint alleges fraudulent transfer under Va. Code § 55-80. *Id.* at

---

[12] It is the Court's view that consideration of such facts are more appropriately addressed on a motion for summary judgment.
[13] Because the Court has declined to incorporate the Veil Piercing Complaint into Wadi Food's Amended Complaint, the Court similarly declines to address Barclays' third argument: that the alter ego status of BGI and Bartel is prohibitive of Wadi Food's Count II because BGI cannot make fraudulent transfers on behalf of its alter ego under Va. Code § 55-81.

14. Barclays contends that Wadi Food's Amended Complaint fails to state a claim upon which relief can be granted because the Amended Complaint fails to adequately plead actual fraud or that the badges of fraud are present. ECF No. 35 at 10.

As a threshold matter, Wadi Food contends that the Court need not consider Barclays' argument related to Count I because this argument could have been raised in response to the original complaint but was not. ECF No. 39 at 19 (citing to Fed. R. Civ. P. 12(g)). Barclays argues that it did raise its present argument in its reply brief such that it could raise the same now, that its original motion to dismiss was mooted by the filing of the Amended Complaint, and even if its prior arguments are inadequate to preserve them for the purposes of the instant Motion to Dismiss, Rule 12(g)(2) does not prohibit new Rule 12(b)(6) arguments in a successive motion. ECF No. 42 at 13-14, 19 (citing *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)). *Ennenga* determined that the exception to Rule 12(g)(2)—Rule 12(h)(2)—"makes it clear that a litigant need not consolidate all failure-to-state-a-claim arguments in a single dismissal motion." 677 F.3d 766, 772-73 (finding defendant's statute of limitations argument was properly considered by the district court even though he failed to raise it in his first motion to dismiss). Therefore, the Court may properly consider Barclays' argument that Wadi Food failed to state a claim upon which relief can be granted related to Count I of the Amended Complaint.

**1. The Pleading Standard Applicable to Plaintiff's Complaint for Count I**

Barclays contends that Federal Rule of Civil Procedure 9(b) applies a heightened pleading standard to fraudulent transfer claims based on actual fraud and requires a plaintiff to state with particularity the circumstance constituting fraud or mistake (noting that courts do not accept legal conclusions couched as facts). *Id.* at 10-11 (citing *United States ex rel. Bunk v. Gov. Logistics N.V.*, 842 F.3d 261, 275 (4th Cir. 2016)). Responsively, Wadi Food reasons that Rule 9(b)

particularity requirements are relaxed for § 55-80 claims. ECF No. 39 at 20 (arguing that the case Barclays relied on, *Gov. Logistics N.V.*, 842 F.3d 261, did not find that rule 9(b) applied to fraudulent transfer claims, but said that even if such a standard did apply it was met in that case and citing to *In re Anderson & Strudwick, Inc.*, No. 14-32679, 2015 WL 1651146, at *10 (Bankr. E.D. Va. 2017), which Wadi Food alleges applied a relaxed standard for fraudulent transfer claims). *Id.* at 21. In its reply brief, Barclays argues that Rule 9(b) on its face applies to allegations of fraud, exactly what is claimed in Count I. *Id.* Barclays argues that the relaxed pleading standard Wadi Food believes should apply—a standard applicable for fraudulent transfer claims where the plaintiff is a third party and does not have access to important information prior to discovery— should not apply here because Wadi Food has already "been down the litigation path already with BGI," obtained a judgment against it, and already done extensive discovery based on the Amended Complaint and the attached exhibits. *Id.* at 14-15. Barclays contends that even with all this background knowledge Wadi Food cannot put forth facts from which one could plausibly infer that BGI's transfer to Barclays constitutes actual fraud. *Id.* at 15.

Rule 9 speaks to the specificity with which facts are asserted. *See In re Anderson & Strudwick, Inc.*, 2015 WL 1651146 at *9. Under Rule 9, a plaintiff must "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Gov. Logistics N.V.*, 842 F.3d at 275 (citing Fed. R. Civ. P. 9(b)). "In simple terms, a plaintiff complies with Rule 9(b) by, 'at a minimum, describ[ing] the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting *Smith v. Clarke/Smoot/Russell*, 796 F.3d 424, 432 (4th Cir. 2015)). While *Gov. Logistics N.V.*, did not affirmatively find Rule 9(b) applied, other courts have found it applicable to claims under Virginia

19

Code § 55-80.  *See In re Runnymeade Capital Mgmt.*, No. 17-61506, 2019 Bankr. LEXIS 576, at
*28 (Bankr. W.D. Va. Feb. 22, 2019) (finding plaintiff alleged "sufficient detail to put parties on
notice of the alleged circumstances evidencing fraud" under Rule 9(b) by alleging facts of
misrepresentation, insolvency, lack of legitimate business or investment purpose to establish
fraudulent intent); *In re Anderson & Strudwick, Inc.*, 2015 WL 1651146 at *10 (finding that
plaintiff's claim under § 55-80 was sufficiently alleged under Rule 9(b)); *In re James River Coal
Co.*, 360 B.R. 139, 165 (Bankr. E.D. Va. 2007) (finding "[t]he requisite elements have been pled
(the transfers alleged to be fraudulent, the reasons the transfers are fraudulent, and the roles of the
defendants in the transfers) and the defendants have been given sufficient notice of the claims"
under Rule 9).  The Court agrees with Barclays that the Rule 9 pleading standard does apply,
however it appears that Wadi Food has alleged with sufficient specificity the facts upon which it
bases its claim to satisfy the Rule 9 heightened pleading standard.[14]

While it is clear that Rule 9 applies to § 55-80 claims, a caveat to that application exists in
Virginia law, which permits circumstantial evidence for a pleading to sufficiently allege the
element of actual intent.  "'Because of the difficulty of establishing actual intent, evidence of fraud
may be, and generally must be, circumstantial.' . . . Therefore, Virginia courts rely on the badges
of fraud to establish a *prima facie* case of fraudulent conveyance under § 55-80." *In re Anderson
& Strudwick, Inc.*, 2015 WL 1651146 at *9.  The plaintiff "has to plead only a single badge of
fraud to establish [a] *prima facie* case." *Id.* at *10.  Wadi Food's alleged failure to plead even a
single badge of fraud forms the basis for Barclays' Motion to Dismiss Count I.

### 2. Wadi Food Has Sufficiently Alleged Badges of Fraud

Barclays argues that Wadi Food has failed to allege "badges of fraud" necessary to satisfy

---

[14] This is notwithstanding the fraudulent intent element, which under Virginia law has a separate standard, which must
be met to make out a *prima facie* showing of actual fraud, discussed *infra*.

20

its pleading burden with circumstantial evidence.[15]  ECF No. 35 at 11.  Barclays claims the

Amended Complaint's statements to this are conclusory allegations, which are merely recitations

of the elements of Wadi Food's claim and are not facts from which one could conclude that BGI's

payment to Barclays was fraudulent.  *Id.* at 11-12.  Wadi Food maintains it has sufficiently alleged

badges of fraud, that one badge is sufficient, and the badges cited by Barclays are just examples

and other circumstances may adequately show fraudulent intent.  ECF No. 39 at 22-23.  Wadi Food

asserts the badges of fraud here include: (1) BGI made transfers to Barclays without consideration;

(2) a series of transfers by BGI without consideration led to BGI's *de minimus* assets from being

recovered by Wadi Food; (3) transfers were made for the benefit of BGI's owner and a reduction

in that owner's personal liability to Barclays as a result.  *Id.* at 23-24.  Responsively, Barclays

contends that the only badge of fraud that may apply is inadequate consideration, but that alone is

not enough to allege actual fraud as the lack of consideration is overcome by the alter ego

relationship between BGI and Bartel.  *Id.* at 16.

   Barclays concedes that one badge of fraud appears to have been adequately pled on the

face of Wadi Food's Amended Complaint: inadequate consideration, but argues that alleged badge

is insufficient as it is negated by BGI and Bartel's alter ego status.  The Court determined *supra*

that it would be inappropriate for the Court to consider the Veil Piercing Complaint and, by

extension, reach the conclusion that BGI and Bartel are alter egos for the purpose of Barclays'

instant Motion to Dismiss.  As such, absent consideration of Barclays' alter ego argument, the

Court **FINDS** that Wadi Food's Amended Complaint has sufficiently alleged at least one badge of

---

[15] Barclays notes that badges of fraud include (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration; (3) transactions that are different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor; (6) the transfer of all or nearly all off the debtor's property; (7) insolvency caused by the transfer; or (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious.  ECF No. 35 at 11 (quoting *Gov. Logistics N.V.*, 842 F.3d at 275).

fraud by way of inadequate consideration, and therefore has stated a sufficient claim upon which relief can be granted on Count I.

## V. RECOMMENDATION

For the reasons stated herein, the undersigned **FINDS** quasi-estoppel and/or judicial admission do not bind Wadi Food to the facts or theories asserted in the Veil Piercing Complaint at this time. As such, the undersigned **FINDS** that Wadi Food has pled sufficient facts to overcome Barclays' Motion to Dismiss Count I and Count II of the Amended Complaint. Therefore, the undersigned **RECOMMENDS** Barclays' Motion to Dismiss, ECF No. 34, be **DENIED**.

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 2, 2019